## BURNEY & CO. vs. BOONE.

[ACTION AGAINST PARTNERSHIP ON PROMISSORY NOTE.]

1. *Partnership accounts not cognizable at law.*—In an action against a partnership on a promissory note, which was executed, on a change of partners in the firm, in consideration of the retiring partner's interest transferred to one of the remaining partners, it is no defense at law, that the payee had collected moneys due the firm which he failed to pay over or account for to the other partners.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by Wm. J. Boone, for the use of Hugh R. Banks, against the firm of James L. Burney & Co., which was composed of James L. Burney, H. H. Mapp, and M. A. Mills; was founded on a promissory note for $1,000, executed in the partnership name, dated the 24th September, 1851, and payable on or before the 25th December next after date, to Wm. J. Boone or bearer; and was commenced on the —— day of April, 1852. The defendants pleaded the general issue, " in short by consent, with leave to give any thing in evidence which might be specially pleaded in bar."

On the trial, after the plaintiff had read in evidence the note declared on, the defendants offered a written instrument, dated 24th September, 1851, " after proving that it was executed at the same time, and was a part of the same transaction, in these words : " Know all men by these presents, that I, William J. Boone, for and in consideration of $1,000 to me in hand paid by James L. Burney, do this day sell and convey to James L. Burney all my interest in two certain stores, one in the village of Dudleyville, and one at a place known as Youngsville, together with all the notes, accounts, books, and every other kind of indebtedness made to the firm of W. J. Boone & Co. since the 18th February, 1851, together with all goods on hand, or that has been purchased by said company, since the time above mentioned ; also, my interest in the books of Dr. M. A. Mills; upon this express condition, that if the debts and goods of the firm of W. J. Boone & Co., with the exception of the books of Dr. M. A. Mills, are sufficient to discharge the liabilities of the said firm, then, and in that case, the said W. J. Boone does not convey his interest in the books of Dr. M. A. Mills. Signed and sealed," &c. " The defendants then offered evidence tending to show, that said W. J. Boone had not turned over money which he had received from the sales of goods belonging to said two stores before the 24th September, 1851;" also, "that said Boone, at the time of said trade, said he was not ready to make a full showing to said Burney in relation to the money which he had received from said two stores, but would do so in a short time to

the satisfaction of said Burney;" also, "that said Boone had failed to make out such showing to the satisfaction of said Burney at any time, either before or since the commencement of this suit." The court excluded each portion of this evidence, on the plaintiff's objection, and the defendants reserved exceptions to its rulings.

The plaintiff then read in evidence, after proof of its execution, a penal bond executed by said Burney, Mapp and Mills to him, also dated the 24th September, 1851, the condition of which was as follows: " The condition of the above is such, that if the said James L. Burney, Marcus A. Mills and Hampton H. Mapp shall pay off and discharge all the debts and demands, of every kind and description, made by the firm of W. J. Boone & Co. since the 18th February, 1851, to the present date, then the above bond to be null and void, else to remain in full force." "It was proved, that the firm of W. J. Boone & Co. was formed on the 18th February, 1851, and was composed of said W. J. Boone, H. H. Mapp, and M. A. Mills; that Mapp, in a few months after they commenced business, sold out his interest to said James L. Burney, who became a partner in said firm, and was such partner on the 24th September, 1851, when he bought out the interest of said Boone; and that the said business was continued by said Burney, Mapp and Mills, on and after said 24th September, 1851, under the partnership name of James L. Burney & Co., in which character they signed the note sued on."

" This was all the evidence; and thereupon the court charged the jury, that if they believed all the evidence, they must find for the plaintiff, for the amount of the note sued on, with interest;" to which charge the defendants excepted, and which, together with the rulings of the court on the evidence, they now assign as error.

PARSONS & J. WHITE, for appellants.

BARNES & ALLISON, contra.

STONE, J.—We do not, in this case, propose to determine absolutely whether the conveyance executed on the

24th of September, 1851, by William J. Boone to James L. Burney, transferred to the latter the interest of Boone as one of the members of the firm of W. J. Boone & Co. in the cash which he, Boone, had received for goods sold; such cash being received by Boone between the 18th day of February, 1851, and the 24th September of that year. If such money was received by him, it was received as a member of the firm. He would have no specific, defined interest in the money; no interest which can be ascertained without a settlement of the partnership accounts. The partnership accounts cannot be settled in a court of law. Its details require the exercise of chancery powers. Lecroy v. Wiggins, 31 Ala. 13.

Each member of the firm of W. J. Boone & Co. has the clear right to bring Boone to a settlement, and, in such settlement, to make him account for the money he has received. Boone would also have the clear right to a credit, at least, for any moneys or expenses he may have incurred for the firm. Whether, in such settlement, Burney is entitled to stand in the place of Boone, and claim his interest in the money received by the latter, we do not now determine. It is clear, on well ascertained principles, that this defense cannot be made in a court of law.

There is, therefore, no error in the several rulings of the circuit court, and its judgment is affirmed.